IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | |
|---|---|
| v. | Criminal No. 22-285 |
| | [UNDER SEAL] |
| RAMKUMAR RAYAPUREDDY | |
| Defendant. | |

## INDICTMENT MEMORANDUM

AND NOW comes the United States of America, by its attorneys, Glenn S. Leon, Chief, Fraud Section, Criminal Division of the United States Department of Justice, and Amanda Fretto Lingwood, Trial Attorney, and submits this Indictment Memorandum to the Court:

### I. THE INDICTMENT

A federal grand jury returned a four-count Indictment against the above-named defendant for alleged violations of federal law:

| COUNT | OFFENSE/DATE | TITLE/SECTION |
|---|---|---|
| 1 | Conspiracy<br>On or about September 2017 through July 29, 2019 | 18 U.S.C. § 371 |
| 2-4 | Securities Fraud<br>On or about September 2017 through July 29, 2019 | 15 U.S.C. §§ 78j(b) and 78ff;<br>17 C.F.R. §§ 240.10b-5 and 240.10b5-2;<br>18 U.S.C. § 2 |

FILED



NOV 09 2022

CLERK U.S. DISTRICT COURT
WEST. DIST. OF PENNSYLVANIA

## II. ELEMENTS OF THE OFFENSES

### A. As to Count 1:

For the crime of Conspiracy to Commit Securities Fraud, in violation of 18 U.S.C. § 371, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. First, that two of more persons agreed to commit an offense against the United States, as charged in the Indictment;

2. Second, that the defendant was a party to or member of that agreement;

3. Third, that the defendant joined the agreement or conspiracy knowing of its objectives to commit an offense against the United States and intending to join together with at least one other alleged conspirator to achieve those objectives;

4. Fourth, that at some time during the existence of the agreement or conspiracy, at least one of its members performed an overt act in order to further the objectives of the agreement.

### B. As to Counts 2-4:

For the crime of Securities Fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. §§ 240.10b-5 and 240.10b5-2, and 18 U.S.C. § 2, to be established, the government must prove all of the following essential elements beyond a reasonable doubt:

1. First, that in connection with the purchase or sale of Mylan stock the defendant (1) employed a device, scheme, or artifice to defraud, or (2) engaged in an act, practice, or course of business that operated, or would operate, as a fraud or deceit upon a purchaser or seller of the specified security;

2. Second, that the defendant acted willfully, knowingly and with the intent to defraud;

3. Third, that the defendant knowingly used, or caused to be used, any means or instruments of transportation or communication in interstate commerce or the use of the mails in furtherance of the fraudulent conduct.

### III. PENALTIES

**A. As to Count 1: Conspiracy (18 U.S.C. § 371):**

1. Imprisonment of not more than 5 years (18 U.S.C. § 371);

2. A fine not more than the greater of:

    a. $250,000 (18 U.S.C. § 3571(b)(3)); or

    b. An alternative fine in an amount not more than the greater of twice the gross gain to any person, or twice the loss to any person other than the defendant, unless the imposition of this alternative fine would unduly complicate or prolong the sentencing process (18 U.S.C. § 3571(d));

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2)); or

4. Any or all of the above.

**B. As to Counts 2-4: Securities Fraud (15 U.S.C. §§ 78j(b) and 78ff, 17 C.F.R. §§ 240.10b-5 and 240.10b5-2, and 18 U.S.C. § 2):**

1. Imprisonment of not more than 20 years (15 U.S.C. § 78ff);

2. A fine not more than $5,000,000 (15 U.S.C. § 78ff);

3. A term of supervised release of not more than three (3) years (18 U.S.C. § 3583(b)(2)); or

4. Any or all of the above.

## IV. MANDATORY SPECIAL ASSESSMENT

A mandatory special assessment of $100.00 must be imposed at each count upon which the defendant is convicted, pursuant to 18 U.S.C. § 3013.

## V. RESTITUTION

Restitution may be required in this case as to Counts 1-4, together with any authorized penalty, as part of the defendant's sentence pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664.

## VI. FORFEITURE

As set forth in the Indictment, forfeiture may be applicable in this case.

Respectfully submitted,

GLENN S. LEON
Chief
Fraud Section, Criminal Division
U.S. Department of Justice

By: */s/ Amanda F. Lingwood*
AMANDA FRETTO LINGWOOD
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice
202-616-0451
amanda.fretto.lingwood@usdoj.gov