**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | Criminal No. 22-285 |
| | ) | |
| RAMKUMAR RAYAPUREDDY | ) | |

**<u>MEMORANDUM ORDER</u>**

On October 3, 2023, the Court entered an Order indicating that it has taken Defendant's

Sealed Motion to Compel the Production and Documentation of Further Rule 16, *Brady* and *Giglio*

Material, Sealed Motion for a Bill of Particulars, and Sealed Motion for Disclosure of Grand Jury

Materials[1] under advisement as of September 26, 2023, and further excluding under the Speedy

Trial Act the time from that date until October 26, 2023 (hereinafter, the "October 3rd Order").

(Docket No. 180).  The October 3rd Order provides as follows:

> AND NOW, this 3rd day of October, 2023, following oral argument on
> Defendant's Sealed Motion to Compel the Production and Documentation
> of Further Rule 16, *Brady* and *Giglio* Material and Sealed Motion for a Bill
> of Particulars, production of the transcript of said proceeding, the parties'
> Joint Notice concerning the submission of post-argument briefing, the
> subsequent filing of Defendant's Sealed Motion for Disclosure of Grand
> Jury Materials, and the parties' respective briefing concerning same,
> (Docket Nos. 125, 126, 161, 163, 168, 174, 178), and in view of the fact
> that all post-argument briefing on Defendant's Sealed Pretrial Motions was
> completed as of September 26, 2023, the Court has taken Defendant's
> Sealed Pretrial Motions, (Docket Nos. 125, 126, 168), under advisement as
> of that date. Given same, any delay from September 26, 2023 until October
> 26, 2023 is deemed excludable delay under the Speedy Trial Act pursuant
> to 18 U.S.C. § 3161(h)(1)(D) (providing that delay resulting from the filing
> of a pretrial motion through the conclusion of the hearing on such motion is
> excludable) and § 3161(h)(1)(H) (providing that delay reasonably
> attributable to any period, not to exceed thirty days, during which any

---

[1]       Defendant's sealed pretrial motions are referred to herein as the Motion to Compel, the Motion for Bill of
Particulars, and the Motion for Grand Jury Materials, or collectively as the Pretrial Motions.

proceeding concerning the defendant is actually under advisement by the court constitutes excludable delay). *See Henderson v. United States*, 476 U.S. 321, 328-29 (1986) (explaining that exclusions are permitted "of up to 30 days while the district court has a motion 'under advisement' " and defining "under advisement" as "30 days from the time the court receives all of the papers it reasonably expects"); *United States v. Adams*, 36 F.4th 137, 148 (3d Cir. 2022) ("[B]ecause it would be illogical 'to exclude . . . all the time prior to the hearing . . . but not the time during which the court remains unable to rule because it is awaiting the submission by counsel of additional materials,' the clock remains tolled up to thirty days beyond the court's receipt of any post-hearing submissions that are needed to 'proper[ly] dispos[e] of the motion.' " (quoting *Henderson*, 476 U.S. at 331-32).

(Docket No. 180).

On October 4, 2023, Defendant filed a Notice of Objection to the October 3rd Order, (Docket No. 181), wherein he states that he "respectfully seeks to preserve his rights under the Speedy Trial Act and submits this Notice of Objection to the Order." (Docket No. 181). Defendant's Notice contains his characterization of what has transpired since oral argument was held on July 6, 2023 on his initially filed Motion to Compel and Motion for Bill of Particulars, and his subsequently filed Motion for Grand Jury Materials.

Given that Defendant's Notice of Objection pertains solely to the October 3rd Order, the Court understands the Objection to relate only to the Speedy Trial exclusion of September 26, 2023 to October 26, 2023, as refenced therein.[2]  At the outset, the Court notes Defendant's Objection for the record, but overrules the Objection.  In the Court's estimation, the Speedy Trial exclusion from September 26, 2023 to October 26, 2023 is properly supported by the legal authority cited in the October 3rd Order.

---

[2]     The record in this case makes clear that Defendant has not objected to any prior periods of excludable delay under the Speedy Trial Act.

Nonetheless, because certain matters detailed in the Notice of Objection are not entirely consistent with the record, for the sake of clarity, the Court notes the following related to Defendant's pending Pretrial Motions:

- Following the filing of Defendant's Motion to Compel and Motion for Bill of Particulars on April 25, 2023, the Court entered an order setting the Government's Response to those Motions by May 26, 2023, Defendant's Reply by June 9, 2023, and scheduled oral argument on the Motions on June 21, 2023. (Docket No. 122). The Court excluded time under the Speedy Trial Act from the filing of the Motions until the scheduled hearing on July 21st. (*Id.*). Defendant did not object to this order.

- On May 4, 2023, Defendant filed an unopposed motion to reschedule the oral argument because his counsel had a scheduling conflict on June 21st, and requested that the proceeding be rescheduled on July 6, 2023. (Docket No. 129). The Court granted the motion, rescheduled oral argument on July 6th, and excluded time under the Speedy Trial Act until that date. (Docket No. 130). Defendant did not object to the Court's order.

- On July 6th, the Court heard oral argument on Defendant's Motion to Compel and Motion for Bill of Particulars. (Docket No. 151). During defense counsel's argument on those Motions, he questioned "what was presented to the grand jury on this issue [concerning co-conspirators] because it doesn't square apparently with what the allegation is." (Docket No. 163 at 45). To be clear, the defense did not make an oral motion related to any grand jury matter at that time, nor did the defense indicate that it contemplated filing any additional pretrial motions. At the conclusion of the July 6th oral argument, the Court inquired whether the parties desired to submit post argument supplemental briefing concerning the pending Motions, and the parties indicated that they would like to consider whether they wished to do so. (*Id.* at 49-50). The Court then outlined the procedure which would apply post-argument, and neither party had any questions or objections concerning same. (*Id.* at 50-51).

- On July 7, 2023, the Court entered an order directing that the transcript of the oral argument be produced by August 4th, and that the parties file a Joint Notice by August 11th indicating whether they desired to submit "***post-argument briefing***," which would be set by further order of court if necessary. (Docket No. 152) (emphasis added). The Court excluded time under the Speedy Trial Act from July 6, 2023 to August 11, 2023. (*Id.*). The order also specified as follows: "[a]fter the parties' briefing is complete, the Court will take the matter under advisement. *See* 18 U.S.C. § 3161(h)(1)(H)." (*Id.*, n.1). Defendant did not object to any aspect of this Order.

- On August 11, 2023, the parties filed their Joint Notice Regarding the Parties' Respective Decisions Related to Filing Post-Argument Briefing, (Docket No. 161), wherein Defendant indicated that he intended to file "'post-argument briefing,' namely a Motion to Unseal Grand Jury Materials" (*see* Docket No. 161 at 1) (referenced below as the "Anticipated Motion").

    o Following the parties' Joint Notice, the Court entered an order on August 14, 2023 (the "August 14th Order"), which stated in relevant part as follows:

        Defendant states in the Joint Notice that he intends to file the Anticipated Motion to "address issues that arose during the Hearing [on Defendant's pending Sealed Motion to Compel the Production and Documentation of Further Rule 16, *Brady* and *Giglio* Material and Sealed Motion for a Bill of Particulars (the "Pending Motions")] related to the Indictment's allegation that [he] conspired with Mr. Mallu and other 'known' individuals," but his Anticipated Motion "will not further address" the Pending Motions. (Docket No. 161 at 1 and at 2, ¶ 6). Defendant submits that he "seek[s] leave to file the [Anticipated] Motion ***with supplemental briefing as set forth in the Order***." (*Id.* at 2, ¶ 5) (emphasis added). As the Court understands Defendant's statements, he would like to file the Anticipated Motion, ***as well as*** "post-argument briefing" on the Pending Motions, given that the Court's Order providing the opportunity to submit same related to the Pending Motions which were the subject of oral argument held on July 6, 2023. (*See* Docket No. 152). Although the Court's Order providing for the submission of "post-argument briefing" did not expressly address the filing of additional pretrial motions, (*see id.*), Defendant is permitted to file his Anticipated Motion, along with any post-argument briefing on the Pending Motions, if he wishes to do so, pursuant to the deadlines set forth herein.

    (Docket No. 162 at 1, n.1).

- The Court's August 14th Order directed that Defendant's Anticipated Motion and any post-argument briefing on his previously filed Pretrial Motions were due by September 5, 2023, the Government's Responses to same were due by September 19, 2023, and Defendant's Replies were due by September 26, 2023. (Docket No. 162 at 1-2). The Court excluded time under the Speedy Trial Act from August 11, 2023 to September 26, 2023. (*Id.* at 2). The order also specified as follows: "[a]fter the parties'

briefing is complete on the Anticipated Motion and the Pending Motions, the Court will take the matters under advisement. *See* 18 U.S.C. § 3161(h)(1)(H)." (*Id.* at 2, n.2). Defendant did not object to any aspect of the August 14th Order.

- Defendant filed his Anticipated Motion, that is, the Motion for Grand Jury Materials on September 5, 2023, the Government filed its Response on September 19, 2023, and Defendant filed a Reply on September 26, 2023. (Docket Nos. 168, 174, 178).

Given this chronology of events, Defendant's assertion in his Notice of Objection that "the Court has been informed of the matters at issue in the [Motion for Grand Jury Materials]" "since at least July 6, 2023," (Docket No. 181, ¶ 3), is not entirely accurate. While defense counsel generally questioned a grand jury matter at the July 6th Oral Argument, there was no specific oral or written motion pertaining to any grand jury issue before the Court until one was filed on September 5, 2023. (*See* Docket No. 168). It would be both imprudent and improper for the Court to have theorized about a specific issue that Defendant wished to raise with the Court until a motion was filed and the matter was properly before the Court. Only at that point would the Court be in a position to consider the specific issue in a careful, thoughtful, and thorough manner. Consequently, to the extent Defendant suggests that it was somehow improper to exclude time under the Speedy Trial Act because the Court could or should have anticipated the precise issue and arguments he wished to raise in his Motion for Grand Jury Materials, or to suggest that such a motion was actually before the Court at a prior point in time, any such suggestions are unsupported by the record.

Defendant's Objection also is premised on the assertion that "his initial pre-trial motions have been fully briefed since June 8, 2023, [and] his most recent motion related to grand jury matters presents a narrow and discrete issue which [was] also discussed previously with the Court . . . ." (Docket No. 181, ¶ 5). As just discussed, the Court is unable to consider a motion on a

particular issue until one is made or filed and properly before the Court.  Furthermore, as detailed in the above chronology, oral argument originally was scheduled on Defendant's Motion to Compel and Motion for Bill of Particulars on June 21, 2023, but was rescheduled at the defense's request on July 6, 2023.  The post-proceeding procedures concerning those Motions were explained and discussed with counsel at the conclusion of oral argument and reiterated in the Court's subsequently issued orders.  (*See* Docket Nos. 152, 162).  Defendant never objected to those procedures.  While Defendant accepted the Court's invitation to file post-argument briefing, instead of further addressing the Motion to Compel and the Motion for a Bill of Particulars, he elected to file the Motion for Grand Jury Materials (which the Court permitted).  In light of this procedural history, the Court properly excluded time under the Speedy Trial Act as specified in its October 3rd Order.

Furthermore, and despite Defendant's contention to the contrary that 18 U.S.C. § 3161(h)(1)(H) is inapplicable here, (*see* Docket No. 181, ¶ 6), the October 3rd Order properly references and relies upon that provision (as well as 18 U.S.C. § 3161(h)(1)(D)) consistent with the case law cited in the Order.  (*See* Docket No. 180).  The Court's prior orders of July 7, 2023 and August 14, 2023 both expressly cited § 3161(h)(1)(H) and provided that the Court would take the matters under advisement "[a]fter the parties' briefing [was] complete."  (Docket Nos. 152, n.1; 162 at 2, n. 2).  Defendant never previously questioned the Court's reliance upon § 3161(h)(1)(H), let alone objected to its applicability.  The Court's citation to § 3161(h)(1)(H) in its prior Orders undercuts Defendant's assertion that the October 3rd Order was issued before he had an opportunity "to object, or otherwise be heard" on whether time under the Speedy Trial Act should be excluded.  (*See* Docket No. 181, ¶ 4).  If Defendant had a question or concern related to

the Court's reliance upon § 3161(h)(1)(H), he could have raised it as early as July 7, 2023, when the Court first issued an Order citing that provision.  (*See* Docket No. 152, n.1).

Finally, the Court is cognizant of Defendant's expression of anxiety related to his pending federal charges.[3]  (*See* Docket No. 181, ¶ 5).  While the Court certainly is sympathetic toward Defendant's situation, the Court must also carefully allocate its available resources to the administration of justice in the cases of all the criminal defendants who have matters pending before the Court.  The Court endeavors to accomplish this consistent with the requirements of the Speedy Trial Act and applicable Constitutional protections afforded to all criminal defendants.  In the Court's estimation, the excludable delay in this Defendant's case has been consistent with both the Speedy Trial Act and the Constitution.

Accordingly, in view of the foregoing, the Court enters the following Order:

AND NOW, this 10th day of October, 2023, IT IS HEREBY ORDERED that Defendant's Notice of Objection, (Docket No. 181), to the Court's Order dated October 3, 2023, (Docket No. 180), is noted for the record, but said Objection is overruled.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

---

[3]      Defendant cites *Kennedy v. Superintendent Dallas SCI*, 50 F.4th 377 (3d Cir. 2022), in support of his assertion that "further delay is causing him anxiety, undermining the well-being of him and his family, and risks further damaging his reputation and prospects of employment." (Docket No. 181, ¶ 5).  In *Kennedy*, the Third Circuit Court of Appeals held that a near 50-month delay in bringing the defendant to trial following his arrest violated his Sixth Amendment speedy trial rights.  *Id.* at 386.  In contrast to the near 50-month delay involved in *Kennedy*, 11 months have elapsed since Defendant was indicted in this case on November 9, 2022.  (Docket No. 3).