IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 22-285 |
| ) | |
| RAMKUMAR RAYAPUREDDY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM ORDER**

Defendant Ramkumar Rayapureddy is charged in a four-count Indictment with one count of conspiracy to commit securities fraud, in violation of 18 U.S.C. § 371, and three counts of securities fraud, in violation of 15 U.S.C. §§ 78j(b) and 78ff; 17 C.F.R. §§ 240.10b-5 and 240.10b5-2; and 18 U.S.C. § 2. (Docket No. 3). Jury selection and trial are scheduled to commence on February 12, 2024. (Docket No. 189). Presently before the Court is Defendant's Sealed Motion in Limine to Permit Cross-Examination of Government Cooperating Witness on Sentencing Calculations, (Docket No. 225), which is opposed by the Government. (Docket No. 252).[1] For reasons that follow, Defendant's Motion will be denied.

Defendant requests an order permitting cross-examination of the Government's cooperating witness on sentencing calculations. (*See generally* Docket No. 225). In summary, defense counsel has computed an advisory guideline calculation, which Defendant contends the cooperating witness could have faced if he had been charged with other offenses discussed in the Government's discovery materials, instead of the guideline range applicable to the two offenses to

---

[1] Despite that Defendant's Motion and the Government's Response are filed under seal, the Court finds it unnecessary to file this Memorandum Order under seal given that it does not reference any specific individual or other confidential identifying information.

1

which he pled guilty.  (*Id.* at 2-3).  According to Defendant, cross-examination concerning the cooperating witness' potential sentence absent his cooperation is critical to show the strong motive he had to cooperate with the Government and to falsely incriminate Defendant.  (*Id.* at 4).

The Government contends that Defendant should not be permitted to question the cooperating witness about a specific sentence he could face, including the guidelines calculation that defense counsel has created.  (*See generally* Docket No. 252).  While the Government agrees that Defendant should be given broad latitude in cross-examining the cooperating witness,[2] the Government correctly points out that Third Circuit precedent delineates the contours of a defendant's constitutional right to confront a cooperating witness concerning his potential sentence reduction, including a trial judge's latitude to impose reasonable limits on cross examination.[3]  (*Id.* at 1-2).  The Government is correct.

In *United States v. Noel*, 905 F.3d 258, 263 (3d Cir. 2018), the Third Circuit Court of Appeals addressed "the extent to which the Confrontation Clause entitles a defendant to cross-examine government witnesses who testify pursuant to cooperation agreements about the sentence reductions they expect to receive in exchange."  In *Noel*, the defendant argued that the district

---

[2] The Government does not object to Defendant cross-examining the cooperating witness about prior inconsistent statements, other charges he may have faced, his hope to receive cooperation credit from the Government, the contents of Docket No. 225-2, and why his statements changed.  (Docket No. 252 at 5).  The Government also does not object to Defendant using necessary descriptors to convey his view of the magnitude of the benefit the cooperating witness received.  (*Id.*).

[3] In support of his Motion, Defendant relies primarily on *United States v. Chandler*, 326 F.3d 210 (3d Cir. 2003), observing that the *Chandler* Court reversed the district court's decision to preclude the defense from cross-examining two cooperating witnesses regarding the specific sentences they could have received under the guidelines had they not cooperated.  (Docket No. 225 at 5).  Defendant fails to mention, however, that the circumstances in *Chandler* did not require the Court of Appeals to "resolve whether the Confrontation Clause entitles a defendant categorically to inquire into the 'concrete terms' of a cooperating witness's agreement with the government, including the specific sentence that witness may have avoided through his cooperation."  *Chandler*, 326 F.3d at 221.  Defendant's Motion additionally fails to address *United States v. Noel*, 905 F.3d 258 (3d Cir. 2018), which is more recent Third Circuit precedent directly relevant to the issue raised by his Motion.  Finally, Defendant overlooks that this Court previously addressed a nearly identical issue in *United States v. Perla*, Crim. No. 20-281, 2022 WL 1300335 (W.D. Pa. Apr. 29, 2022) (Hardy, J.), wherein *Noel* is thoroughly discussed and analyzed.

court violated his rights under the Confrontation Clause by precluding cross-examination on the specific details of his co-defendants' sentencing exposure. *Id.* at 267. The Court of Appeals ruled that there was no constitutional error because the district court permitted cross-examination in more general terms about the co-defendants' sentencing reductions and other benefits of cooperation, such that the information was "sufficient . . ., without the excluded evidence, to make a discriminating appraisal of the possible biases and motivation of the witness[]."[4] *Id.* (quoting *United States v. Chandler*, 326 F.3d 210, 219 (3d Cir. 2003)).

In so ruling, the Court of Appeals explained the contours of a defendant's Sixth Amendment right of confrontation when cross-examining a cooperating witness about the benefits of his agreement with the Government. To that end, "[t]he Confrontation Clause guarantees a criminal defendant the right to 'be confronted with the witnesses against him.' " *Noel*, 905 F.3d at 267 (quoting U.S. Const. Amend. VI.). "Primary among those rights is 'the right of cross-examination,' which may include questions 'directed toward revealing possible biases, prejudices, or ulterior motives of the witness.' " *Id.* (quoting *Davis v. Alaska*, 415 U.S. 308, 315-16 (1974)). "Despite this guarantee, trial judges retain 'wide latitude . . . to impose reasonable limits on . . . cross examination,' which a defendant may overcome by showing that, had the proposed line of inquiry been permitted, the jury 'might have received a significantly different impression of [the

---

[4] The district court permitted the defendant to question the co-defendants about the following and, thus "to confirm, in broad strokes, the benefits secured by their agreements:" the reduction of otherwise substantial sentences; the Government's agreement to drop or not pursue additional charges; the co-defendants' release from federal custody pending sentencing; the possibility of a greater sentence reduction, should their testimony be satisfactory; and that they had reviewed the Government's case against the defendant prior to trial. *Noel*, 905 F.3d at 265. The district court prohibited inquiry concerning the co-defendants' precise sentencing exposure, explaining that this limitation was necessary to prevent the jury from inferring the sentence the defendant himself faced. *Id.* In the defense's closing argument, counsel used the testimony he had elicited to impugn the co-defendants' veracity and motivation for testifying, describing them as " 'self-confessed crooks, liars, [and] convicts . . . looking out for the best interests of only themselves,' and urg[ing] the jury to discredit their testimony because they had 'one goal'- to 'serve[ ] less jail time' - and their eyes were on the 'golden trophy': a recommendation from the Government 'to reduce their substantial sentence[s] even further.' " *Id.* at 266.

witness's] credibility.' " *Id.* at 267-68 (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679-80 (1986)); *see also Chandler*, 326 F.3d at 219 ("It does not follow, of course, that the Confrontation Clause of the Sixth Amendment prevents a trial judge from imposing any limits on defense counsel's inquiry into the potential bias of a prosecution witness. On the contrary, trial judges ... [may] impose reasonable limits on such cross-examination based on concerns about, among other things, harassment, prejudice, confusion of the issues, the witness' safety, or interrogation that is repetitive or only marginally relevant.") (quoting *Van Arsdall*, 475 U.S. at 679).

The Third Circuit Court of Appeals developed "a two-part test to determine whether a particular limitation on cross-examination violated a defendant's rights under the Confrontation Clause." *Noel*, 905 F.3d at 268 (citing *Chandler*, 326 F.3d at 219). First, a court must determine "whether [the limitation] significantly inhibited [the defendant's] effective exercise of [his] right to inquire into [the] witness's 'motivation in testifying.' " *Chandler*, 326 F.3d at 219. If it did, the court considers whether the limitation "fell within those 'reasonable limits' which a trial court, in due exercise of its discretion, has authority to establish." *Id.* Whether a trial court abuses its discretion "depends on whether the jury had sufficient other information before it, without the excluded evidence, to make a discriminating appraisal of the possible biases and motivation of the witness[ ]," *id.* (internal quotation marks and citation omitted), or, conversely, whether without the limitation, "a reasonable jury could have 'reached a significantly different impression' of [the witness'] credibility." *Id.* at 222.

As summarized in *Noel*, Third Circuit precedent holds that "there is no absolute right to inquire into the precise sentence a government witness might face absent his cooperation and that a district court may limit the scope of cross-examination to more general inquiries about his expected benefits." *Noel*, 905 F.3d at 269. "Such limitation is permissible under the Confrontation

4

Clause unless the jury might have received a significantly different impression of [the witness's] credibility had it not been imposed," which is to be assessed using the Third Circuit's two-part test. *Id.* (internal quotation marks and citation omitted).

In view of these applicable standards, the Third Circuit determined in *Noel* that the "single narrow restriction" imposed by the district court - that defense counsel not "go into things like mandatory or specific sentences like 10 years or maximum of life, fines, or any of that sort of stuff" – "fell comfortably within constitutional bounds." *Noel*, 905 F.3d at 269.  In reaching this decision, the Third Circuit reiterated that the district court "expressly permitted counsel to explore the codefendants' agreements with the Government, to elicit that they were 'exposed to . . . a considerable amount of time,' and to suggest that, 'by [their] performance today [they are] essentially singing for [their] supper.' " *Id.*  The Third Circuit also noted that counsel elicited testimony which "was sufficient for [him] to argue in closing that the codefendants were 'self-confessed crooks, liars, [and] convicts' who had 'one goal,' to serve less jail time, and would say anything to win the 'golden trophy' of a recommendation 'to reduce their substantial sentence[s] even further.' " *Id.* at 269-70.

On cross-examination of the cooperating witness in this case, defense counsel is permitted to explore the witness' agreement with the Government, including the matters referenced in footnote 2, *supra*, consistent with *Noel* and controlling Third Circuit precedent.  To that end, defense counsel is permitted to use descriptors to convey the defense's view of the magnitude of the benefit the cooperating witness received,[5] but defense counsel is not permitted to elicit

---

[5]   As the Government's acknowledges in its Response, "[p]rovided [Defendant] is permitted to use adjectives and other descriptors to convey the seriousness of the sentence [the cooperating witness] is facing or could have faced," the jury will not be deprived of any frame of reference to evaluate his motive to cooperate.  (Docket No. 252 at 4, n.4).

information about specific sentences, such as the statutory maximum penalties[6] or the advisory sentencing guidelines calculations.  *See Perla*, 2022 WL 1300335, at *3 (concluding same).

Based on the foregoing, the Court enters the following Order:

AND NOW, this 23rd day of January, 2024, IT IS HEREBY ORDERED that Defendant's Sealed Motion in Limine to Permit Cross-Examination of Government Cooperating Witness on Sentencing Calculations, (Docket No. 225), is DENIED.  Defense counsel is restricted on cross-examination from inquiring about specific sentences, including the statutory maximum penalties or the advisory sentencing guidelines calculations.  However, defense counsel is permitted to otherwise explore the cooperating witness' agreement with the Government consistent with the Third Circuit precedent discussed herein.

*s/ W. Scott Hardy*
W. Scott Hardy
United States District Judge

cc/ecf:  All counsel of record

---

[6] As the Third Circuit Court of Appeals has explained in this context, "what a defendant '*might* receive . . . lacks significant probative force because a defendant seldom receives the maximum penalty permissible under the statute of conviction.' " *United States v. Marrero*, 643 F. App'x 233, 238 (3d Cir. 2016) (quoting *United States v. Larson*, 495 F.3d 1094, 1106 (9th Cir. 2007)).