IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 22-285 |
| RAMKUMAR RAYAPUREDDY, ) | |
| ) | |
| Defendant. ) | |

**GOVERNMENT'S MOTION TO DISMISS INDICTMENT**

AND NOW, comes the United States of America ("United States"), by and through undersigned counsel, and respectfully moves this Honorable Court for an Order dismissing the Indictment returned in the above-captioned case with prejudice, and in support of this motion avers as follows:

1. On November 9, 2022, a federal grand jury sitting in the Western District of Pennsylvania returned a four-count Indictment at Criminal Number 22-285, charging Ramkumar Rayapureddy with violating Title 18, United States Code, Sections 371 and 2 and Title 15 Sections 78j(b) and 78ff. *See* Doc. No. 3.

2. The government submits that it is in the interest of justice to seek leave of Court, pursuant to Federal Rule of Criminal Procedure 48(a), to dismiss the Indictment with prejudice.

3. Fed. R. Crim. P. 48(a) provides that "the government may, with leave of court, dismiss an indictment, information, or complaint." The Third Circuit has cited the Supreme Court's observation that, "'[w]hile [Rule 48(a)] obviously vest[s] some discretion in the court, . . . [t]he principal object of the 'leave of court' requirement is apparently to protect a defendant against prosecutorial harassment.'" *In re Richards*, 213 F.3d 773, 786 (3d Cir. 2000) (quoting *Rinaldi v. United States*, 434 U.S. 22, 29 n. 15 (1977)). The Third Circuit has noted that "refusal to dismiss is appropriate only in the rarest of cases." *Id*. at 786; *see also United States v. Wecht*,

No. CRIM. 06-0026, 2008 WL 65605, at *4 (W.D. Pa. Jan. 4, 2008) ("A court is generally required to grant a prosecutor's Rule 48(a) motion to dismiss unless dismissal is 'clearly contrary to manifest public interest.'" (quoting *United States v. Cowan*, 524 F.2d 504, 513 (5th Cir. 1975)).

4. In addition, the United States respectfully requests that the Court vacate the pretrial conference scheduled for January 30, 2024, as the instant motion renders the need for the conference moot.

5. Per an email on January 27, 2024, counsel for Mr. Rayapureddy, Adam Lurie, Esquire, has authorized counsel for the government to state that Mr. Rayapureddy does not oppose this motion but reserves all of Mr. Rayapureddy's rights.

WHEREFORE, the United States respectfully requests that this Honorable Court dismiss the Indictment in this case with prejudice.

GLENN S. LEON
Chief
Fraud Section, Criminal Division
U.S. Department of Justice

Dated: January 27, 2024        By:    /s Matt Reilly

MATTHEW REILLY
VASANTH SRIDHARAN
LAURA CONNELLY
Trial Attorneys
Fraud Section, Criminal Division
UNITED STATES DEPARTMENT OF JUSTICE
1400 New York Avenue, NW
Washington, DC 20005
Matthew.Reilly2@usdoj.gov
(202) 320-8523

## **CERTIFICATE OF SERVICE**

      I hereby certify that, on January 27, 2024, a true and correct copy of the foregoing was served on all parties through the CM/ECF system.

      By:    */s Matt Reilly*

      MATTHEW REILLY
      Trial Attorney
      Fraud Section, Criminal Division
      UNITED STATES DEPARTMENT OF JUSTICE
      1400 New York Avenue, NW
      Washington, DC 20005
      Matthew.Reilly2@usdoj.gov
      (202) 320-8523